IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS S. WILLIAMS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:12-CV-0705-N (BK) |
| | § | |
| QUAITEMES WILLIAMS, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case has been referred to the undersigned Magistrate Judge. For the reasons that follow, Plaintiff's civil rights claims should be dismissed in part as frivolous.

## I. BACKGROUND

Plaintiff Carlos Williams, a pretrial detainee at the Dallas County Jail, filed this *pro se* civil rights action against the City of Dallas, the Dallas Police Department, and Officers Quaitemes Williams, A. Shelley, and Lopez. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening of the complaint and answers to the Magistrate Judge's questionnaire.[1]

Plaintiff alleges false arrest and excessive use of force in connection with his arrest in October 2010. (Doc. 3 at 4-8; Doc. 5; Doc. 8 at Ans. 3, 4, 7). He also raises claims relating to

---

[1] On March 23, 2012, the Court severed from this action Plaintiff's claims against Defendants Dallas County Jail and Frank Crowley Courts Building for due process and speedy trial violations, and against Defendant Parkland Health and Hospital System for denial of medical care. *See Williams v. Valdez*, No. 3:12-CV-0897-N-BK (N.D. Tex. May 29, 2012) (construed as a habeas action and dismissed); *Williams v. Parkland Health and Hospital System*, No. 3:12-CV-0926-N-BK (N.D. Tex.) (pending review of Magistrate Judge's recommendation).

[2] *State v. Williams*, Nos. F10-61448 and F10-61449 (265th Dist. Court, Dallas County).

his criminal prosecution. (Doc. 8 at Ans. 7-9). Plaintiff requests compensatory damages. *Id.* at Ans. 10.

Following his October 2010 arrest, Plaintiff was charged with felony possession of a controlled substance and evading arrest,[2] and misdemeanor resisting arrest, search, or transport.[3] (Doc. 8, ans. 1). In May and June, 2012, all charges were dismissed after the State was unable to make a prima facie case; and Plaintiff is currently being held pursuant to a parole revocation warrant.[4]

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, Plaintiff's claims should be dismissed, in part, as frivolous.

---

[2] *State v. Williams*, Nos. F10-61448 and F10-61449 (265th Dist. Court, Dallas County).

[3] *State v. Williams*, No. M10-65662.

[4] The Court verified this information by review of the Dallas County website.

Title 42, United States Code, section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under section 1983, Plaintiff must allege facts that show that (1) he has been deprived by Defendants of a right secured by the Constitution and the laws of the United States, and (2) the Defendants were acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

### Dallas Police Department

Plaintiff alleges the Dallas Police Department failed to adequately train and supervise its employees. (Doc. 8 at Ans. 9). However, a plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). "[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313.

Here, Plaintiff seeks relief from an entity that is not subject to suit under section 1983. *See Clayton v. Garland Police Dep't*, 2010 WL 2640258, (N.D. Tex. May 11, 2010), report and recommendation adopted, 2010 WL 2605258 (N.D. Tex. Jun. 28, 2010). Accordingly, his claims against the Dallas Police Department are frivolous and subject to summary dismissal.[5]

---

[5] *Pro se* plaintiffs who name a non-jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action. *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993). In this case, that opportunity was provided to Plaintiff by the Court's questionnaire. In his response, however, Plaintiff reasserted his desire to pursue a claim against the Dallas Police Department. (Doc. 8 at Ans. 9).

**City of Dallas**

Next, Plaintiff sues the City of Dallas for equal protection and due process violations stemming from his criminal prosecution and lengthy pretrial confinement. (Doc. 8 at Ans. 8). He contends he was denied an examining trial and deprived of copies of an "affidavit" and police report necessary to prepare a defense. *Id.* He also alleges his jury trial was "set off" on multiple occasions. *Id.*

A local governmental entity cannot be held liable under a *respondeat superior* theory, that is, "a local government may not be sued under [section 1983] for an injury inflicted solely by its employees or agents." *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). When a litigant seeks to hold a governmental entity liable for a violation under section 1983, he must show that the unconstitutional actions resulted from an official policy or custom of that entity. *Monell*, 436 U.S. at 694. Although it is not a requirement that the custom have received "formal approval (*id.*), the plaintiff must do more than allege an isolated incident to show a common practice or custom for section 1983 liability. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

As a local governmental entity, the City of Dallas cannot be held liable under a *respondeat superior* theory. Moreover, Plaintiff's pleadings are devoid of any allegations identifying a policy, custom, or persistent and widespread practice of the City of Dallas that resulted in the constitutional violations alleged in the complaint. Consequently, all claims against the City of Dallas lack an arguable basis in law and should be dismissed as frivolous.

**False Arrest Claim**

Plaintiff sues Officers Williams and Shelley for false arrest. (Doc. 8 at Ans. 7). He alleges they lacked probable cause to arrest him, as he was not involved in any criminal activity at the time of his arrest. *Id.*

To prevail on a false arrest claim, a plaintiff must show that the police officer did not have probable cause to arrest him. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2972 (2011) (citation omitted). An officer has probable cause "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id.* (citation omitted). However, a court appearance or grand jury indictment breaks the chain of causation for an allegedly false arrest, "insulating the initiating party." *Id.* (citation omitted).

In answer to the questionnaire, Plaintiff generally avers that Officers Williams and Shelley lacked probable cause to arrest him. (Doc. 8 at Ans. 7). However, shortly after his allegedly false arrest, Plaintiff appeared before a magistrate, and he was indicted a few weeks later on charges related to that arrest.[6] Because these ensuing events broke the chain of causation for any false arrest, Plaintiff's false arrest claim against Defendants Williams and Shelley is foreclosed and should be dismissed as frivolous.

**Denial of an Examining Trial and Perjury**

In answer to the questionnaire, Plaintiff reasserts claims this Court previously addressed and rejected in connection with his pretrial habeas corpus petition. *See Williams* v. Valdez, No. 3:12-CV-0897-N. Specifically, he alleges Defendants falsified affidavits, the police report, and

---

[6] *State v. Williams*, Cause Nos. F1061448 and F1061449.

the allegations resulting in the indictments/complaint against him; he also claims they denied him an examining trial and copies of the affidavit and police report relating to his arrest. (Doc. 8 at Ans. 7-9).

None of Plaintiff's more recent allegations rises to the level of a constitutional violation. The federal constitution does not guarantee either a preliminary hearing or an examining trial before an indictment. *See Siwakowski v. Beto*, 455 F.2d 915, 916 (5th Cir. 1972). In regard to Plaintiff's allegations of false statements and/or perjury by the individual Defendants, there is no private cause of action for perjury in federal court, nor is there a private right of action for civil perjury under Texas law.[7]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's false arrest claim against Defendant Williams, and all his claims against Defendants Dallas Police Department, Officer Shelley, and the City of Dallas, be **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[8]

---

[7] *See Williams v. Cintas Corp.*, NO. 3:07-CV-0561-M, 2007 WL 1295802, 2 (N. D. Tex. Apr. 10, 2007) (collecting cases finding no private cause of action for perjury), recommendation accepted, 2007 WL 1300780 (N. D. Tex. May 02, 2007).

[8] Contemporaneously with this recommendation, the Court has ordered the issuance of process on Plaintiff's claims for the excessive use of force against Officer Lopez, and Plaintiff's response to a supplemental questionnaire regarding his allegations of the excessive use of force by Officer Williams.

The partial dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[9]

SIGNED July 27, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[9] **Error! Main Document Only.**Section1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."