IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS S. WILLIAMS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:12-CV-0705-N-BK |
| | § | |
| QUAITEMES WILLIAMS, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge. For the reasons that follow, Plaintiff's excessive force claim against Defendant Quaitemes Williams should be dismissed for failure to state a claim upon which relief can be granted.

**I.   BACKGROUND**

Plaintiff Carlos S. Williams, a pretrial detainee at the Dallas County Jail, filed this *pro se* civil rights action against the City of Dallas, the Dallas Police Department, and Officers Quaitemes Williams, A. Shelley, and Lopez. Heretofore, the Court summarily dismissed all claims and Defendants, with the exception of Plaintiff's excessive force claims against Defendants Williams and Lopez. Process was issued as to Defendant Lopez based on Plaintiff's allegations that, while he was at the hospital awaiting x-rays and medication, Officer Lopez harassed him verbally and with a baton, hitting Plaintiff in the face and damaging a front tooth. (Doc. 3 at 6, 8; Doc. 8 ans. 6). Regarding Officer Williams, as to whom process has yet to issue, Plaintiff alleges that he caused other officers to spray Plaintiff in the face with OC (Oleoresin

1

Capsicum) while he was handcuffed. (Doc. 3 at 8; Doc. 8 Ans. 2). Plaintiff seeks monetary damages.

Plaintiff alleges more specifically regarding his excessive force complaint against Williams, that while walking out of an apartment complex, he saw a police car with two white police officers pull into a narrow driveway and heard Officer Williams yell to Officer Shelley, "'Get em' Shelley." (Doc. 3 at 5). So Plaintiff "turned around and immediately ran and then dove into unto the street pavement," attempting to get into the public's view, while shouting "I give up." *Id*. Shortly thereafter, a helicopter and another police car arrived. *Id*. Although Plaintiff was initially helped to his feet and handcuffed, he later was seated while awaiting an ambulance. *Id*. "[M]oments later Quaitemes Williams . . . ran towards [Plaintiff] and the patrol car, telling the officer that [Plaintiff] probably had something in [his] mouth." *Id*. at 6. According to Plaintiff, "the officers then lifted [him] off the ground and sprayed [him] with mace or some type of gas, as [Plaintiff] just stood there shaking only [his] head since [his] eyes were burning, face was hurting, and also [he] could not move [his] jaws." *Id*. Plaintiff explains, he "was in a lot of pain from diving into the street pavement in fear of another black man being beaten by Dallas Police!" *Id*. A few minutes later, an "officer poured bottled water into [Plaintiff's] eyes" and helped him into an ambulance. *Id*.[1]

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Those statutes provide for *sua sponte* dismissal

---

[1] Plaintiff was recently released from the Dallas County Jail because all charges stemming from his October 2010 arrest have been dismissed.

[2] Plaintiff alleges that Officer Williams was fired in February 2012 because he kicked and pepper-sprayed an individual pulled over for driving with a suspended license. (Doc. 8, Ans. 2 and attachment). This subsequent, unrelated incident is of no consequence here.

[3] Section1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more

of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561-563 (2007).   A claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted).

The Court liberally construes Plaintiff's complaint to allege a claim of excessive use of force under the Fourth Amendment.  *See Graham v. Connor,* 490 U.S. 386, 396 (1989) (claim that officer used excessive force during an arrest, stop, or other seizure is analyzed under the Fourth Amendment).  To assert an excessive force claim, a plaintiff must allege that he suffered "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Peterson v. City of Fort* Worth, 588 F.3d 838, 846 (5th Cir. 2009) (internal quotation marks omitted).  While not alone dispositive of an excessive force claim, the "absence of serious injury" is a relevant inquiry. *Wilkins v. Gaddy,* ___ U.S. ____, ____, 130 S.Ct. 1175, 1178 (2010) (*per curiam*).  In any event, a plaintiff must allege *some* injury arising from the officer's use of excessive force.  *See Glenn v. City of Tyler,* 242 F.3d 307, 314 (5th Cir. 2001)).

Even when liberally construed with all possible deference due a *pro se* litigant, *see Haines v. Kerner*,  404 U.S. 519, 520 (1972), Plaintiff's pleadings do not contain specific facts giving rise to a plausible inference of excessive use of force.  Plaintiff complains that, while he was handcuffed and "only shaking [his] head," unidentified officers lifted him off the ground,

3

grabbed his face, and sprayed him with OC – all at Officer Williams' instigation. (Doc. 8, Ans. 2). By Plaintiff's own admission, however, Officer Williams suspected that he was hiding something in his mouth at the time of the spraying and only informed the other unidentified officers of that fact. (Doc. 3 at 6).

Although given the opportunity to provide additional details about the events surrounding the OC-spray incident, Plaintiff submitted only a general, nonresponsive answer that does not mention the spraying episode:

> There were only (2) officers (1) Q. Williams – driver/complainant (2) A. Shelly – partner/2nd complainant. Both officers acted in discrimination, Williams yelled loudly ordering A Shelley to "get em," I . . . was only walking, almost out of the front gates of the Providence Apartments at 11700 Audelia Road. Officer Williams just all of a sudden started to slow down the patrol car, so I . . . feared that I would be assaulted according to the way these cops acted. The police report/affidavit is frivolous and fraudulent according to both judges whom [sic] stated that I . . . was never legally arrested due to perjured testimony of the events leading to this whole incident or event. I . . . did nothing to be harassed, arrested, or touched by officers, I immediately surrendered after getting in the publics [sic] view.

(Doc. 17, Ans. 2).

Moreover, the lack of claim of any serious injury resulting from the OC spraying weighs heavily against Plaintiff. *See Wilkins,* 130 S.Ct. at 1178 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.") (citation omitted). Here, Plaintiff complains only of general injuries "to the head, face, and lower-back and/upper" back, and "severe headaches and pains in the jaw(s)." (Doc. 17, Ans. 1).

Based on a review of Plaintiff's pleadings, he has failed to plead an objectively unreasonable use of force or a resulting injury necessary to sustain an excessive force claim. *See Bladwin v. Stalder,* 137 F.3d 836, 840-41 (5th Cir. 1998) (holding trial court erred in finding that

a two second use of mace, including not allowing immediate washing, was not a *good faith effort* to maintain or restore discipline in context of excessive force claim under Eighth Amendment); *Davis v. Cannon,* 91 Fed. Appx. 327 (5th Cir. 2004) (holding use of the chemical agent after the inmate refused to obey orders, which did not result in any physical injuries, did not amount to excessive use of force under the Eighth Amendment).

Dismissing an action with prejudice, after giving the plaintiff only one opportunity to state a claim, is ordinarily unjustified. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he can do so."). If, however, a plaintiff has had a fair opportunity to make his best case and has not done so, the court should dismiss the complaint with prejudice, even if the plaintiff has not had an opportunity to amend. *Jacquez*, 801 F.2d at 792-93. Moreover, no second opportunity to amend the complaint to re-plead the plaintiff's procedural due process claim is necessary where the facts alleged by the plaintiff could not, as a matter of law, support such a claim. *Brown*, 804 F.2d at 335.

Here, by his answers the Court's questionnaires, Plaintiff has already been given two opportunities to submit additional allegations to support his excessive force claim against Officer Williams. (Doc. 8, Doc. 17). As discussed previously, however, he has failed to do so.

Therefore, Plaintiff's excessive force claim against Defendant Williams should be dismissed with prejudice for failure to state a claim upon which relief can be granted.[2]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's excessive force claim against Defendant Williams be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The partial dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

SIGNED September 25, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff alleges that Officer Williams was fired in February 2012 because he kicked and pepper-sprayed an individual pulled over for driving with a suspended license. (Doc. 8, Ans. 2 and attachment).  This subsequent, unrelated incident is of no consequence here.

[3] Section1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE