IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS S. WILLIAMS,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:12-CV-0705-N-BK |
| QUAITEMES WILLIAMS, et al.,<br>　　Defendants, | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Dallas Police Officer Lopez is the only remaining Defendant in this case. For the reasons that follow, it is recommended that Plaintiff's claims against Defendant Lopez be dismissed and this case be closed.

**I. BACKGROUND**

Since July 2012, the U.S. Marshal Service has attempted on several occasions, without success, to serve summons on Defendant Lopez (first name unknown). (Doc. 11, 23). The Dallas Police Department, however, does not employ an officer named Lopez with either badge number 6975 or 6978 -- the information provided by Plaintiff. (Doc. 15, 31). Consequently, the Court has repeatedly ordered Plaintiff to provide the correct identifying information for Defendant Lopez or an alternate address for service of process. (Doc. 20, 32, 33). The last order cautioned Plaintiff that, unless he showed good cause, dismissal under FED. R. CIV. P. 4(m) would result, and that the dismissal would be with prejudice because the limitations period has expired. (Doc. 33). As of the date of this recommendation, however, Plaintiff has not responded to this Court's orders, nor has he sought an extension of the time in which to do so.[1]

---

[1] Although Plaintiff was incarcerated at the Dallas County Jail at the time this suit was filed, he has been residing in Greenville, Texas, since July 27, 2012. (Doc. 14).

## II. ANALYSIS

The Federal Rules of Civil Procedure provide:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

While "a litigant proceeding *in forma pauperis* is entitled to rely upon service by the U.S. Marshal," he must remedy any service defect of which he has notice. *Rochon v. Dawson*, 828 F.2d 1107, 1109-10 (5th Cir. 1987). "A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. Feb. 22, 2013). If, however, "the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m)" is approved only "where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* at 512-13. Basically, the court "must find a delay longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Id.* at 213.

That standard is met in this case. Plaintiff has been aware of the U.S. Marshal Service's inability to serve Defendant Lopez since at least September 2012. (Doc. 20, 23). Nonetheless, a review of the record reveals Plaintiff has failed to provide additional identifying information for Defendant Lopez, e.g., first name, correct badge number, and/or alternate address. Nor has he even suggested good cause for his failure. Moreover, Plaintiff apparently has ignored this Court's last two orders (dated February 1, 2013, and March 20, 2013), which extended the deadline for response and provided notice that limitations had expired and dismissal with

2

prejudice would follow if no action was taken. (Doc. 32, 33). *See Rochon*, 828 F.2d at 1110. ("a plaintiff may not remain silent and do nothing to effectuate service"). Indeed, this case has been largely dormant since October 12, 2012, when Plaintiff filed his last pleading, a motion to proceed in forma pauperis and response restating Lopez's badge number as 6978. (Doc. 22 at 1 and 7).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this case be **DISMISSED** for failure to effect service of process on Defendant Lopez under FED. R. CIV. P. 4(m). *See id.* (upholding dismissal of case for failure to effect service of process because plaintiff did not attempt to remedy the problem with service of process).

SIGNED April 9, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4